# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY CALDERON, | CV F 05-01150 OWW DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JUDGE CLARENCE WESTA JR., et.al. | |
| Defendants. | |

Plaintiff is a former prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint filed September 12, 2005.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against Kern County Superior Court Judge Clarence Westa; Kern County District Attorney Ed Jagels; Kern County Deputy District Attorney

1 Stephen McNutt; Kern County Public Defender Mark Arnold; and Kern County Deputy Public
2 Defender Anita Candelaria.  Plaintiff alleges that in 1999 he was given an excessive sentence by
3 Judge Westa based on the invalidity of a juvenile conviction he received in 1993.  Plaintiff
4 alleges the conviction was improperly used as a strike under California Penal Code Section 667
5 and he received an enhanced sentence which was improper.  On October 28, 2004, the Kern
6 County Superior Court granted plaintiff's petition for writ of habeas corpus and the "extra time"
7 plaintiff spent in prison was credited to plaintiff's parole period in that case.  Plaintiff now seeks
8 monetary damages against the named defendants for his "illegal sentence."

9        The Civil Rights Act under which this action was filed provides:

10           Every person who, under color of [state law] . . . subjects, or causes
11              to be subjected, any citizen of the United States . . . to the
12              deprivation of any rights, privileges, or immunities secured by the
13              Constitution . . . shall be liable to the party injured in an action at
14              law, suit in equity, or other proper proceeding for redress.

15 42 U.S.C. § 1983.

16        Plaintiff is advised that judges and prosecutors are immune from civil suits for damages
17 under section 1983.  Judges are absolutely immune from damages actions for judicial acts taken
18 within the jurisdiction of their courts.  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.
19 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976).  Prosecutors are also absolutely immune
20 from civil suits for damages under section 1983 which challenge activities related to the initiation
21 and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  In the
22 instant case, plaintiff seeks monetary relief against Judge Westa and Kern County District
23 Attorneys based on his prior conviction and sentence.  These defendants are entitled to immunity
24 from damages claims under these circumstances.  In addition, when public defenders are acting
25 in their role as advocate, they are not acting under color of law for § 1983 purposes.  *See* Georgia
26 v. McCollum, 505 U.S. 42, 53 (1992).

27        Because plaintiff has failed to state a cognizable claims against the names defendants, the
28 Count finds it necessary to dismiss the complaint in its entirety.  The Court will however grant

1  plaintiff the opportunity to file an amended complaint to cure the deficiencies identified in this
2  Order if he believes he can state a cognizable claim against different defendants who are not
3  immune from suit.  Failure to do so will result in dismissal of this action without leave to amend.
4        If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms how
5  each named defendant is involved and those defendants must not be immune from suit.
6        In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
7  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This is because, as a
9  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
13       In accordance with the above, IT IS HEREBY ORDERED that:
14             1.  Plaintiff's complaint is dismissed;
15             2.  The Clerk of Court is directed to send plaintiff a section 1983 complaint form;
16             3.  Plaintiff is granted thirty days from the date of service of this order to file an
17 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
18 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
19 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
20 an original and two copies of the amended complaint; failure to file an amended complaint in
21 accordance with this order will result in dismissal of this action for failure to state a claim and
22 failure to comply with the court's order.
23       IT IS SO ORDERED.
24    Dated:     August 28, 2006                    /s/ Dennis L. Beck
   3b142a                                   UNITED STATES MAGISTRATE JUDGE